IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DONNIE T. HORTON, 1248700,** § | | |
| Petitioner, § | | |
| § | | |
| V. § | NO. 3:08-CV-225-M | |
| § | | |
| **RICHARD THALER, Director** § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Division** § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I.  Procedural Background**

Petitioner challenges his conviction for possession of a controlled substance with intent to deliver. *State of Texas v. Donnie Tyron Horton*, No. F-0253331-NL (5th Crim. Dist. Ct., Dallas County, Tex., March 10, 2004). Petitioner was sentenced to thirty years confinement.

On December 15, 2005, the Fifth District Court of Appeals affirmed the conviction. *Horton v. State*, No. 05-04-00488-CR (Tex. App. – Dallas, Dec. 15, 2005). On March 29, 2006, the Court of Criminal Appeals denied Petitioner's petition for discretionary review.

On June 8, 2006, Petitioner filed a federal petition for writ of habeas corpus. *Horton v.*

*Quarterman*, 3:06-CV-1009-N (N.D. Tex.). On September 27, 2006, the Court dismissed the petition without prejudice as unexhausted.

On January 16, 2007, Petitioner filed a state habeas petition. *Ex parte Horton*, No. 68,349-02. On December 5, 2007, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On February 5, 2008, Petitioner filed the instant § 2254 petition. He argues his trial counsel was ineffective for failing to: (1) file a motion to suppress; (2) object to inadmissible evidence at trial; (3) request a jury instruction on illegally obtained evidence and (4) file a motion for new trial.

## II. Factual Background

On July 27, 2002, Dallas police officer J.C. Bristo was on duty in his patrol car in south Dallas. (Trial Tr. Vol. 3 at 11, 23). Around 3:00 in the afternoon, he saw a man talking to Petitioner while Petitioner sat in his parked car. (*Id*. at 11, 23). When the man talking to Petitioner saw the patrol car, the man quickly walked away. (*Id*. at 23). This made Officer Bristo suspicious. *Id*. Officer Bristo pulled his patrol car behind Petitioner's car and activated his patrol lights. *Id*. Officer Bristo stated he activated his lights so that Petitioner would know not to leave. (*Id*. at 24-25).

When Officer Bristo approached the car, he noticed a purple Crown Royal bag between Petitioner's legs. (*Id*. at 27). Officer Bristo noticed there was no bottle in the bag. (*Id*. at 28). His experience indicated the bag might contain drugs. *Id*. Officer Bristo asked Petitioner to get out of the car. *Id*. Instead, Petitioner fled in the car. (*Id*. at 29). Petitioner soon abandoned the car and fled on foot. (*Id*. at 32). Officer Bristo pursued Petitioner on foot and noticed him

carrying the Crown Royal bag. (*Id*. at 35-36). Officer Bristo lost track of Petitioner during the foot chase. (*Id*. at 39). Another officer, however, captured Petitioner next to a shed in the backyard of a townhome near where Petitioner first abandoned his car. *Id*.

When Petitioner was apprehended, the Crown Royal bag was found on the roof of the shed where he was hiding. (*Id*. at 41). The contents of the bag were later tested and were confirmed to be thirty-eight grams of crack cocaine. (*Id*. at 117).

## III. Discussion

### 1. Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal

court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996. *See Lindh*, 521 U.S. at 336. The petition in this case is subject to review under the AEDPA.

**2**.      **Ineffective Assistance of Counsel**

Petitioner claims he received ineffective assistance of counsel. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

### A. Motion to Suppress

Petitioner argues his counsel was ineffective for failing to file a motion to suppress the drug evidence. Under the Fourth Amendment, a person is entitled to challenge an unlawful search and seizure. U.S. CONST. amend. IV; *Florida v. Bostick*, 501 U.S. 429, 434 (1991). A traffic stop is a seizure under the Fourth Amendment, "even though the purpose of the stop is limited and the resulting detention quite brief." *Brendlin v. California*, 551 U.S. 249, 255 (1007) (citing *Delaware v. Prouse*, 440 U.S. 648, 653 (1979)).

Under the Fourth Amendment, an officer may make a brief investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot. *See Terry v. Ohio*, 392 U.S. 1 (1968). The officer's basis for the stop must be more than an "unparticularized suspicion or hunch of criminal activity." *Illinois v. Wardlow*, 528 U.S. 119 (2000). Instead, "[r]easonable suspicion must be supported by particular and articulable facts, which, taken together with rational inferences from those facts, reasonably warrant an intrusion." *United States v. Michelletti*, 13 F.3d 838, 840 (5th Cir. 1994) (en banc). Further, the court must consider the totality of the circumstances, since ordinary, innocent behavior "may provide a composite picture sufficient to raise reasonable suspicion in the minds of experienced officers . . . ." *United States v. Holloway*, 962 F.2d 451, 459 (5th Cir. 1992) (footnote omitted).

In this case, Officer Bristo testified he was aware that the area he was patrolling was a high crime area. (Trial Tr. Vol. 3 at 21-22). He states that at about 3:00 in the afternoon, he observed Petitioner sitting in his car talking to another man through the car window. (*Id.* at 22-23). Once the man talking to Petitioner saw the Officer, the man turned around and left quickly. *Id.* Officer Bristo stated that based on his police experience, "the fact that the one gentleman by

the window really beat it out of there when he saw me made me a little suspicious." (*Id* at 24). Officer Bristo made a u-turn in his patrol car and pulled behind Petitioner's car. (*Id*. at 23). Officer Bristo stated he turned on his emergency lights when pulling his car behind Petitioner's car, to let Petitioner know that "I needed [Petitioner] to stay where he was." (*Id*. at 24 -25).

The Court must determine whether Officer Bristo had a reasonable suspicion that criminal activity was afoot when he detained Petitioner. Although mere presence in a high crime area, standing alone, does not create a reasonable suspicion, it is one of the factors to be considered in the totality of the circumstances. *Brown v. Texas*, 443 U.S. 47, 52 (1979); *United States v. Jordan,* 232 F.3d 447, 449 (5th Cir. 2000). Evasive behavior is also a factor. *Illinois v. Wardlow*, 528 U.S. 119, 124 (2000). In this case, although Petitioner did not flee the scene prior to being detained, the man who was talking to Petitioner quickly left the area once he saw the patrol car. The Fifth Circuit has stated that "the flight of a person standing near [a defendant's] automobile provide[s] further reason to support" an officer's reasonable suspicion of criminal activity. *United States v. Miles*, No. 00-11425, 2001 WL 1465241 (5th Cir. 2001) (unpublished). Based on a totality of the circumstances, the Court finds Petitioner has failed to show that his counsel was constitutionally deficient for failing to file a motion to suppress. Petitioner has also failed to show the required prejudice. He has not established that but for counsel's failure to file a motion to suppress, there is a reasonable probability that the result of the trial would have been different. He has therefore not shown that the state court's decision to deny relief on this claim was unreasonable.

### B. Trial Evidence

Petitioner argues his counsel was ineffective for failing to object at trial that the drug

evidence was inadmissible. On state habeas review, defense counsel submitted an affidavit stating that Petitioner disavowed any ownership of the drugs and that he therefore did not have standing to assert an unlawful search and seizure claim. *Ex parte Horton*, No. 68,349-02 at 70-71.

In this case, the drugs were found on the roof of the shed where Petitioner was hiding. A defendant who voluntarily abandons property lacks standing to challenge the seizure of that property. *United States v. Alvarez*, 6 F.3d 287, 289 (5th Cir. 1993); *United States v. Williams*, 79 Fed. Appx. 677, 680 (5th Cir. 2003). For the abandonment to be considered voluntary, it must not be influence by improper police conduct. *Alvarez*, 6 F.3d at 289. The legal presence of police for pursuit or investigation does not, in itself, render the abandonment involuntary. *Id.* at 287; *Williams*, 79 Fed. Appx. at 680 (citations omitted). Petitioner has failed to establish any improper police conduct in this case. He has therefore failed to show that he had standing to object to the drug evidence at trial. Petitioner's ineffective assistance of counsel claim should be denied.

### C. Jury Instruction/Motion for New Trial

Petitioner argues his counsel was ineffective for failing to request a jury instruction on illegally obtained evidence. Petitioner, however, has stated no basis for requesting this jury instruction. Defense counsel is not required to make frivolous motions. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995). Petitioner's claims should be denied. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

Petitioner also claims his counsel was ineffective for failing to file a motion for new trial.

The record shows, however, that defense counsel did file a motion for new trial. (Clerk's Record at 32). Petitioner's claim should be denied.

### 3. Summary

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

### **RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 23rd day of October, 2009.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND

# NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**        Page -9-